[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12740
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:09-cr-00084-TJC-JRK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID EUGENE BROWN,
a.k.a. Gene,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 16, 2011)

Before EDMONDSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

David Brown appeals his 120-month above-guideline sentence for

possessing a firearm as a convicted felon, in violation 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1] On appeal, Brown argues that his sentence is substantively unreasonable because the district improperly weighed the 18 U.S.C. § 3553(a) sentencing factors and failed to give sufficient justification for imposing a major upward variance. Brown also argues that the district court was not allowed to consider the five-year sentence he received for a previous conviction for possessing a firearm as a convicted felon. Brown further argues that the district court relied too heavily upon his prior criminal history and arrest record in imposing an upward variance.

We review the reasonableness of sentences imposed under the advisory Sentencing Guidelines under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 40, 51, 128 S. Ct. 586, 591, 597, 169 L. Ed. 2d 445 (2007). A district court abuses its discretion when it fails to afford consideration to relevant factors that were due significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in considering the proper factors, such as balancing the factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc), *petition for cert. filed*, 79 U.S.L.W.

---

[1] While 120 months was the statutory maximum sentence for the offense, the Sentencing Guidelines recommended only a 30- to 37-month sentence.

3361 (U.S. Nov. 24, 2010) (No. 10-727). Reasonableness review is deferential, and the burden of establishing unreasonableness lies with the party challenging the sentence. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

When reviewing a sentence for substantive reasonableness, we evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing under § 3553(a). *Id*. In relevant part, § 3553(a) requires the consideration of the following factors: (1) the nature and circumstances of the offenses; (2) the history and characteristics of the defendant; (3) the need to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; (4) the need to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant; (5) the need to provide the defendant with educational or vocational training, medical care, or other treatment; (6) the kinds of sentences available; (7) the sentencing guidelines range; and (8) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(1)-(4), (6). The sentencing judge should "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468, 168 L. Ed. 2d 203 (2007).

"Sentences outside the guidelines are not presumed to be unreasonable, but we may take the extent of any variance into our calculus." *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009), *cert. denied*, 129 S. Ct. 2847 (2009). When a district court determines that a variance from the guidelines is necessary to achieve the goals of sentencing, it should explain why the variance is appropriate for that defendant with sufficient justifications to support the variance and to allow for meaningful appellate review. *Id*. at 1238. The district court's justification for the variance must be sufficiently compelling to support the degree of the variance. *Irey*, 612 F.3d at 1186-87. We give "due deference" to a district court's decision to impose a variance, and will vacate a sentence because of a variance "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Shaw*, 560 F.3d at 1238 (internal quotation marks omitted).

A district court may consider all relevant facts concerning a defendant's background, character, and conduct in assessing the § 3553(a) factors. *United States v. Faust*, 456 F.3d 1342, 1347-48 (11th Cir. 2006). If a defendant does not object to factual statements contained in a PSI report, the facts are deemed admitted for consideration at sentencing. *United States v. Shelton*, 400 F.3d 1325,

4

1330 (11th Cir. 2005). Additionally, a district court may consider factors that have already been accounted for in the Guidelines when making the decision to impose an upward variance. *United States v. Amedeo*, 487 F.3d 823, 833-34 (11th Cir. 2007). While a district court is required to evaluate all the § 3553(a) factors, it is permitted to attach greater weight to one factor over others. *Shaw*, 560 F.3d at 1237. For example, a district court may find that a guidelines sentence does not adequately address the need to promote deterrence or the need to protect the public in light of the defendant's criminal history. *See, e.g., id*. at 1236-37, 1240-41; *United States v. Irizarry*, 458 F.3d 1208, 1211-12 (11th Cir. 2006). A defendant's personal disagreement with the district court's assessment of one or more of the factors is not a sufficient reason to vacate a district court's careful consideration of the § 3553(a) factors as unreasonable. *See United States v. Valnor*, 451 F.3d 744, 752 (11th Cir. 2006).

Here, the district court did not abuse its discretion in varying above the guidelines range to sentence Brown to the statutory maximum. The court adequately considered the parties' arguments, the advisory guidelines range, and the statutory factors in crafting the sentence. The court took particular note of prior conduct in the PSI report, including Brown's convictions as a minor for aggravated assault in an incident in which he shot a man three times, and cruelty to

5

animals; his conviction as an adult for possessing a firearm as a convicted felon in an incident in which he shot a man in the chest; and his arrests that did not lead to conviction for such conduct as battery, grand theft, and aggravated assault. Likewise, the court discussed Brown's difficult childhood, his family situation, and his mental and emotional problems. When the court issued the sentence, it engaged in a reasoned and detailed discussion of the weight due to these facts under each of the § 3553(a) factors, including Brown's history and characteristics, the need to provide adequate deterrence, the need to protect the public, and the need to provide Brown with treatment. It also discussed the factors that distinguished Brown from other defendants convicted of the same crime, addressing the need to avoid sentencing disparities. Based on its assessment of the factors, it imposed the statutory maximum sentence.

Contrary to Brown's arguments, the district court properly weighed the sentencing factors, justified its decision to impose an upward variance, and considered no inappropriate facts from Brown's record. Because Brown has presented no other arguments as to why his 120-month sentence is unreasonable, he has failed to meet his burden of demonstrating the unreasonableness of his sentence. Accordingly, we affirm Brown's sentence.

**AFFIRMED.**